IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MAKUSHA GOZO | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv329 |
| FEDERAL BUREAU OF PRISONS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Makusha Gozo, proceeding *pro se*, filed the above-styled lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

At the time he filed this lawsuit, plaintiff was incarcerated within the Bureau of Prisons. He stated that he was in the midst of a hunger strike. He alleged prison officials were trying to feed him against his will. Plaintiff asked the court to enter an injunction preventing officials from feeding him against his will. He also asked the court to order that he be returned to the general population section of the prison.

Under Article III of the United States Constitution, this court's jurisdiction is limited to the adjudication of actual cases or controversies. For there to be an actual controversy, the plaintiff must have a legally cognizable interest, or a personal stake, in the outcome of the lawsuit. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The doctrine of mootness, which is embedded in the case or controversy requirement, requires that an actual, ongoing controversy exists at all stages of federal court proceedings. *Burke v. Barnes*, 479 U.S. 361m 363 (1987). If an intervening circumstance deprives the plaintiff of the required personal stake in the outcome, the case can no longer proceed and must be dismissed as moot. *Symczyk*, 569 U.S. at 72.

Plaintiff has notified the court of his release from prison. His release from prison makes his request for injunctive relief moot. *Morgan v. Patterson*, 772 F. App'x 117, 118 (5th Cir. 2019);

*Coleman v. Lincoln Parish Det. Center*, 858 F.3d 307, 309 (5th Cir. 2017); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). As plaintiff seeks injunctive relief, this lawsuit should be dismissed without prejudice as moot.

### Recommendation

This lawsuit should be dismissed without prejudice as moot

### Objections

Within 14 days after receipt of this Report and Recommendation, any party may serve and fill written objections to the findings of fact, conclusions of law and recommendations set forth herein. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions or law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 18th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge